```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

ROGERIO HENRIQUE LOPES,

                    Plaintiff,            06 Civ. 9927

     -against-                             OPINION

CAFFE CENTRALE LLC AND MANAGER K.C.
LAM AS AIDER AND ABETTOR,

                    Defendants.

------------------------------------X
```

A P P E A R A N C E S:

    Pro se

    ROGERIO HENRIQUE LOPES
    30-62 32nd St.
    2nd Floor
    Astoria, NY 11103

    Attorneys for Defendants

    EPSTEIN BECKER & GREEN, P.C.
    250 Park Avenue
    New York, NY  10177-1211
    By:  Brian G. Cesaratto, Esq.

[USDC SDNY / DOCUMENT ELECTRONICALLY FILED / DOC #: ___ / DATE FILED: 1/14/09]

**Sweet, D.J.**

Defendants Caffe Centrale LLC ("Caffe Centrale") and K.C. Lam ("Lam") (collectively, the "Defendants") have moved for dismissal, pursuant to Fed. R. Civ. P. 12(b)(1) or 12(c), and for partial summary judgment, pursuant to Rule 56, of plaintiff Rogerio Henrique Lopes' ("Lopes" or "Plaintiff") state and city law claims. For the reasons set forth herein, the motion is granted.

**Facts and Prior Proceedings**

The parties' familiarity with the facts and prior proceedings is assumed. In brief, this action was initiated on January 19, 2007, when Lopes, formerly a bar-back at Bottega Del Vino (the "Restaurant"), an upscale restaurant operated by Caffe Centrale, filed his Amended Complaint, pro se, alleging that Defendants subjected him to a hostile work environment and retaliated against him in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2000e-17 ("Title VII").

Defendants moved for summary judgment on August 15, 2007. On April 15, 2008, the Court granted Defendants'

1

motion as to Lopes' Title VII claims against Lam and his claims alleging discrimination based on race, color, and/or national origin against Defendants. Lopes v. Caffe Centrale LLC, 548 F. Supp. 2d 47, 49 (S.D.N.Y. 2008). The Court also read the complaint to raise claims under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296, and New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code § 8-107 et seq, and denied Defendants' motion for summary judgment as to Plaintiff's sex discrimination claims pursuant to federal, state, and city law. Id.

The instant motion was marked fully submitted on July 16, 2008.

**The Court Lacks Subject Matter Jurisdiction Over Plaintiff's State and City Law Claims**

Defendants argue that Lopes' state and city law claims must be dismissed because this Court lacks subject matter jurisdiction over those claims. "Issues relating to subject matter jurisdiction may be raised at any time, even on appeal, and even by the court sua sponte." Cave v. E. Meadow Union Free Sch. Dist., 514 F.3d 240, 250 (2d Cir.

2

2008) (citing Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737, 740 (1976)).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

Under Section 297(9) of the New York Executive Law, "[a]ny person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction . . . unless such person had filed a complaint hereunder." N.Y. Exec. Law § 297(9) (McKinney 2000).  "This law deprives federal courts of subject matter jurisdiction where a plaintiff previously elected to proceed in an administrative forum."  Chudnovsky v. Prudential Sec., Inc., No. 98 Civ. 7753 (SAS), 2000 WL 1576876, at *4 (S.D.N.Y. Oct. 23, 2000); see Moodie v. Fed. Reserve Bank of N.Y., 58 F.3d 879, 884 (2d Cir. 1995) ("Once a complainant elects the administrative forum by filing a complaint with the Commission on Human Rights, that becomes the sole avenue of relief, and subsequent judicial action on the same complaint is generally barred . . . .").

Section 8-502(a) of New York City's Administrative Code similarly grants this Court

3

jurisdiction over "any person claiming to be aggrieved by an unlawful discriminatory practice . . . unless such person has filed a complaint . . . with the [New York] state division of human rights with respect to such alleged unlawful discriminatory practice . . . ." N.Y.C. Admin. Code § 8-502(a).  This provision is interpreted to require the same election of remedies as is required under the state law.  See Chudnovsky, 2000 WL 1576876, at *5 ("The election of remedies provision of the City Administrative Code should be interpreted in the same manner as the election of remedies provision under the State Executive Law."); Dodson v. N.Y. Times, No. 97 Civ. 3838 (LAP), 1998 WL 702277, at *5 n.3 (S.D.N.Y. Oct. 7, 1998) ("The election of remedies provisions of the City and State Codes are analogous.").

On July 8, 2005, Lopes filed a complaint with the New York State Division of Human Rights, which issued him a determination of "no probable cause" on April 6, 2006. Given that Lopes has previously filed an administrative complaint alleging sexual discrimination and harassment arising from the same facts, incidents, and occurrences as those alleged in this case, the election of remedies provisions in both state and city law prevent this Court

4

from exercising jurisdiction over Plaintiff's state and city law claims.  See McNulty v. N.Y.C. Dep't of Fin., 45 F. Supp. 2d 296, 303-04 (S.D.N.Y. 1999) (holding that "great weight of authority from within this District" is in accord that "[h]aving elected to pursue redress . . . before the [State Human Rights Division], Plaintiff is now foreclosed from bringing either [city law] or [state law] claims before this Court" and listing cases).

**Conclusion**

For the foregoing reasons, Defendants' motion is granted, and Plaintiff's state and city law claims are dismissed.

It is so ordered.

New York, NY
January /14/, 2009

ROBERT W. SWEET
U.S.D.J.